UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
SAIBU TUNKARA,

        Plaintiff,

- against -

THE CITY OF NEW YORK, THE NEW YORK CITY
POLICE DEPARTMENT and POLICE OFFICERS
"JOHN DOE", POLICE OFFICER "JAMES COE",
POLICE OFFICER "JEFF ROE" and POLICE OFFICER
"JAKE LOE" Shield Numbers Unknown, (names being
fictitious but intending to represent those officers assisting
in the arrest and imprisonment of Plaintiff)

        Defendants.
-----------------------------------------------------------X

**COMPLAINT**
**TRIAL BY JURY**
**DEMANDED**

## PRELIMINARY STATEMENT

      The plaintiff brings this action against all defendants pursuant to 42 U.S.C. Section 1983 and 1988, the Fourth and Fourteenth Amendments to the United States Constitution, and under the common law of the United States and New York against THE CITY OF NEW YORK, THE NEW YORK CITY POLICE DEPARTMENT and POLICE OFFICERS "JOHN DOE", POLICE OFFICER "JAMES COE", POLICE OFFICER "JEFF ROE" and POLICE OFFICER "JAKE LOE" Shield Numbers Unknown, (names being fictitious but intending to represent those officers assisting in the arrest and imprisonment of Plaintiff) to redress the deprivation under color of law of plaintiff's rights, privileges and immunities secured by the Constitution of the United States. Plaintiff seeks money damages to redress and remedy the deprivations of his constitutional rights. Plaintiff seeks an award of attorneys' fees and costs pursuant to 42 U.S.C. Section 1988 and pursuant to any other laws that may apply.

    It is alleged that the individual police officer defendants made an unreasonable

search and seizure of the person of plaintiff, violating his rights under the Fourth and Fourteenth Amendments to the United States Constitution, and that these defendants assaulted and battered the person of plaintiff, falsely arrested and imprisoned him, and subjected him to malicious prosecution. It is further alleged that these violations and torts were committed as a result of the policies, practices and customs of THE CITY OF NEW YORK, and THE NEW YORK CITY POLICE DEPARTMENT

## JURISDICTION - VENUE - CONDITIONS PRECEDENT

1. This action is brought pursuant to 42 U.S.C. Section 1983 and 1988 to redress the plaintiff's rights under the Constitution of the United States. Jurisdiction is based upon 28 U.S.C. Sections 1331 and 1343.

3. All of the actions, omissions, and events complained of took place within the County of New York, City and State of New York, and within the venue of this court.

4. The amount in controversy exclusive of interests and costs exceeds the sum of $100,000.

## PARTIES

5. The plaintiff is a citizen of the United States and a resident of the County of Bronx, State of New York.

6. Defendant THE CITY OF NEW YORK (Hereinafter referred to as "THE CITY") is a body corporate and politic, duly organized and existing under and by virtue of the laws of the State of New York, and pursuant to law is capable of suing and

being sued in this court.

7. At all times hereinafter mentioned the defendant THE NEW YORK CITY POLICE DEPARTMENT(Hereinafter referred to as "NYPD") was and still is a subdivision subject to the control of the THE CITY.

8. Upon information and belief, defendant NYPD is a division of THE CITY organized and existing under and by virtue of the laws of THE CITY and the State of New York.

9. Defendant THE CITY is responsible for the policies, practices and customs of NYPD.

10. Defendant THE CITY is responsible for the hiring training, supervision, retention, control and discipline of NYPD and its officers.

11. Defendant THE CITY is and was the employer of the personnel named herein as individual defendants.

12. Defendant THE CITY is also responsible for the operation, practices, and totality of conditions of the NYPD.

13. Defendant NYPD is responsible for the policies, practices and customs of NYPD.

14. Defendant NYPD is responsible for the hiring training, supervision, retention, control and discipline of NYPD and their officers.

15. Defendant NYPD is and was the employer of the personnel named herein as individual defendants.

16. Defendant NYPD is also responsible for the operation, practices, and totality of conditions of the NYPD.

17. THE CITY acts, or fails to act through its policy-making officials including but not limited to its supervisor, town board, and the chief of the NYPD; the acts and edicts of these policy making officials represent also the policies, practices and customs of THE CITY.

18. THE CITY and NYPD have, jointly and severally, a constitutional and statutory responsibility for the conditions at the NYPD and are jointly and severally responsible for ensuring that the operations of said precinct are in conformity with constitutional requisites.

19. THE CITY and NYPD are and were jointly and severally responsible for ensuring that the police officers of the NYPD and more specifically those officers named as defendants herein, obeyed the regulations of the NYPD, THE CITY, the ordinances and laws of THE CITY, and the laws and the Constitution of the State of New York and the United States.

20. Defendants, POLICE OFFICERS "JOHN DOE", POLICE OFFICER "JAMES COE", POLICE OFFICER "JEFF ROE" and POLICE OFFICER "JAKE LOE" Shield Numbers Unknown, (names being fictitious but intending to represent those officers assisting in the arrest and imprisonment of Plaintiff) , are and were police officers of the NYPD and employees of the NYPD and of THE CITY, and at all times herein were acting in such capacity as the agents, servants and employees of NYPD and THE CITY.

21. The defendant officers were at all times relevant to this complaint duly appointed and acting officers of the NYPD and of THE CITY, acting under color of law; to wit, under color of the statutes, ordinances, regulations, policies, customs and

usages of the State of New York and THE CITY and NYPD.

22. At all times relevant hereto and in all of their actions described herein, each defendant was acting under color of law, state authority, statute, custom or usage, and pursuant to their official authority. All of the actions were done intentionally.

## FACTS

23. The arrest occurred on May 24, 2025, and was terminated on the merits in favor of plaintiff with a dismissal on June 17, 2025. The incident arose on 7th Avenue between 134 and 135th Streets at about 12pm. There, the plaintiff was falsely arrested, imprisoned, assaulted and battered, and subject to violation of 42 USC 1983 via use of excessive force. At that date and time, the plaintiff was driving north on the public way known as 7th avenue, approaching 134th street with a steady green light when defendant officers proceeding in a patrol car on 134th going east, made a left turn into the intersection and turned onto 7th avenue northbound. Despite having the right of way and a green light, plaintiff slowed to let the officers proceed, whereupon they turned left, proceeded north on 7th avenue, pulled to the extreme right lane and slowed, appearing to park. Plaintiff then proceeded to pass the patrol car on the left, when the officers followed him and pulled him over. Then, the officers detained him, effectuated an arrest, and brought claimant to the 32nd precinct and placed in a cell for several hours. The handcuffs - rear cuffed were kept in place for an excessive period of time, excessively tight behind plaintiff's back, causing blood loss to the hands and numbness, and superficial bruising.  Plaintiff  appeared in court and this baseless criminal charge

initiated in bad faith by said officers was dismissed.

24. Plaintiff was lawfully present at the location when Defendants intentionally assaulted and battered the plaintiffs herein as specified above in the course of effectuating a false arrest without probable cause to believe the claimants herein had committed any crime or offense.

25. Plaintiff was verbally abused and subjected to verbal intimidation by POLICE OFFICERS "JOHN DOE", POLICE OFFICER "JAMES COE", POLICE OFFICER "JEFF ROE" and POLICE OFFICER "JAKE LOE" Shield Numbers Unknown, (names being fictitious but intending to represent those officers assisting in the arrest and imprisonment of Plaintiff)

26. Plaintiff was roughly cuffed hands behind his back, and transported to the 32nd Pct, and remained in custody for over 4 hours. Thereafter he was were released with a summons for a baseless misdemeanor charge.

27. Plaintiff had not resisted or assaulted the defendants in any way, and such force as was used against him was unnecessary, unreasonable, and excessive.

28. At no time during the events described above was the plaintiff intoxicated, incapacitated or disorderly, or a threat to the safety of himself or others. He had committed no criminal offenses.

29. The defendants had no warrant for the arrest of the plaintiff, no probable cause for the arrest of the plaintiff, and no legal excuse or cause to perform an unconstitutional seizure the person of the plaintiff.

30. The officers had no probable cause to arrest the plaintiff for disorderly conduct, not this crime, or any other.

31. At no time did the defendants possess information that would lead a reasonable police officer to believe that probable cause existed to arrest plaintiff.

32. As a result of the foregoing plaintiff suffered mental anguish, shock, fright, apprehension, embarrassment, humiliation and deprivation of his constitutional rights.

33. At all times during the events described above, the defendant police officers were engaged in a joint venture. The individual officers assisted each other in performing the various actions described, and lent their physical presence and support and the authority of their office to each other during said events.

34. All of the above acts were done both individually and in concert and intentionally and while acting under color of law, and in the scope of employment with THE CITY and the NYPD. It was a conspiracy to deprive the plaintiffs of their civil rights guaranteed under the Constitution of the State of New York and the United States and the laws of New York State and the laws of the United States.

35. THE CITY and the NYPD had a policy of not training their employees with respect to the proper use of force and allowing persons such as plaintiffs herein to be assaulted, battered and improperly searched and seized.

36. If THE CITY and NYPD had a policy of training their employees with respect to the proper use of force, same was not enforced.

37. On information and belief, the abuse to which the plaintiff was subjected was consistent with an institutionalized practice of THE CITY and the NYPD which was known to them and/or ratified by THE CITY and the NYPD, with the defendants at no time having taken any effective action to prevent their employees from continuing to engage in such misconduct and violation of constitutional rights and violations of law.

38. On information and belief, defendant THE CITY and the NYPD had prior notice of the vicious propensities of the individual defendants but took no steps to train them, correct their abuse of authority, or to discourage their unlawful use of authority or to terminate their employment. The failure to properly train defendants included the failure to instruct them in applicable sections of the New York State Penal Law, and proper use of force, and failed to properly train them with respect to the constitutional rights of citizens.

39. On information and belief THE CITY and the NYPD authorized, tolerated as institutional practices, and ratified the misconduct heretofore described.

40. As a direct and proximate result of the said acts of the defendants, and the abuse of authority detailed above, the plaintiffs suffered the following injuries and damages:

> a. Violation of their constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from an unreasonable search and seizure to their person:
> b. Loss of their physical liberty:
> c. Physical pain and suffering and emotional trauma and suffering, requiring expenditure of money for treatment.

41. The actions of the defendant officers violated the following clearly established and well settled federal constitutional rights of plaintiff:

> a. Freedom from unreasonable seizure of his person.
> b. Freedom from the use of excessive, unreasonable and unjustified use of force against his person.

## FEDERAL CAUSES OF ACTION
## COUNT I
## 42 U.S.C. SECTION 1983 AGAINST INDIVIDUAL DEFENDANTS

42. Paragraphs 1 through 41 are incorporated herein by reference as though fully set forth.

43. Plaintiff claims damages for the injuries set forth above under 42 U.S.C. Section 1983 against defendants POLICE OFFICERS "JOHN DOE", POLICE OFFICER "JAMES COE", POLICE OFFICER "JEFF ROE" and POLICE OFFICER "JAKE LOE" Shield Numbers Unknown, (names being fictitious but intending to represent those officers assisting in the arrest and imprisonment of Plaintiff) for violation of his constitutional rights under color of law, in an amount to be determined by a jury after due trial. .

## COUNT II

## 42 U.S.C. SECTION 1983 AGAINST THE CITY AND THE NYPD

44. Paragraphs 1-43 are incorporated herein by reference as though fully set forth.

45. Prior to May 24, 2025, THE CITY and the NYPD developed and maintained policies or customs exhibiting deliberate indifference to the constitutional rights of persons in THE CITY, which caused the violation of plaintiff's rights.

46. It was the policy and/or custom of THE CITY and the NYPD to inadequately and improperly investigate citizen complaints of police misconduct, and acts of misconduct were instead tolerated by THE CITY and the NYPD.

47. It was the custom and policy of THE CITY and the NYPD to inadequately supervise and train and retain and hire their police officers including the defendant

officers, thereby failing adequately to discourage further constitutional violations on the part of their police officers. THE CITY and the NYPD did not require appropriate in-service training or re-training of officers who were known to have engaged in police misconduct.

48. As a result of the above described policies and customs, police officers of THE CITY and the NYPD, including the defendant officers believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be sanctioned or investigated, but would be tolerated.

49. The above described policies and customs demonstrated a deliberate indifference on the part of the policymakers of THE CITY and the NYPD to the constitutional rights of persons within THE CITY and were the cause of the violations of plaintiff's rights alleged herein.

50. Plaintiff claims damages for the injuries set forth above under 42 U.S.C. Section 1983 against THE CITY for violation of his constitutional rights under color of law, in an amount to be determined by a jury after due trial.

## COUNT III. FALSE ARREST AND IMPRISONMENT

51. The allegations of Paragraphs 1-50 are incorporated by reference herein as though fully set forth.

52. The individual defendants were working within the scope of their authority when they committed the actions described above generally and specifically those actions delineated in paragraphs 23-41 above, and thereby confined the plaintiff

without privilege.

53. The confinement aforesaid was without probable cause or privilege.

54. The individual defendants were working within the scope of their employment when they committed the actions described above generally and specifically those actions delineated in paragraphs 23-41 above, and thereby confined the plaintiff without privilege.

55. The individual defendants were careless and reckless and negligent in that they did not stop or restrain their fellow officers from confining the plaintiff.

56. As a result of the aforesaid confinement, the plaintiff sustained serious and permanent personal injuries, along with humiliation, shame, indignity, damage to reputation and suffered emotional distress, in an amount to be determined by a jury after due trial.

Wherefore, the plaintiff requests that this Court:

a. Award compensatory damages to the plaintiff against the defendants, jointly and severally in an amount to be determined by a jury after due trial. Not less than one million dollars ($1,000,000)
b. Award the costs of this action to the plaintiff.
c. Award reasonable attorneys fees to the plaintiff under 42 U.S.C. Section 1988 and/or any other applicable laws.
d. Award punitive damages in an amount to be determined by a jury after due trial. Not less than one million dollars ($1,000,000)
e. Award such other and further relief as this Court may deem appropriate.

Dated: Carmel, New York
June 20, 2025

*John Grill*
JOHN P. GRILL Grill9446
For LAW OFFICES OF JOHN P. GRILL, PC
229 Nimham Road
Carmel, NY 10512  (917) 601-5507